MARY CARROLL et al., Appellants, v. HERMAN SERTNER, Defendant. LOUIS GERSHEL, as Superseded Attorney for Plaintiffs, Respondent.

Appeal from so much of an order of the Supreme Court at Special Term, entered April 23, 1952, in New York County, as directed that respondent have a lien of 40% of any amount recovered by the two adult plaintiffs, either by judgment or settlement, and a lien of 50% of the amount of compensation allowed by the court to the attorneys in the infant plaintiff's action.

*Per Curiam.* This is an appeal by plaintiffs from that part of an order for the substitution of attorneys which gave the respondent, as superseded attorney, a lien of 40% of any amount recovered by the adult plaintiffs by judgment or settlement and 50% of the amount of compensation allowed by the court to the attorneys in the infant plaintiff's action.

Plaintiffs asked that the amount of the attorney's lien be fixed by the court at the conclusion of the litigation as was provided in the case of *Buckley* v. *Surface Transp. Corp.* (277 App. Div. 224). The attorney asked that his lien be fixed in the amount of $3,000 as against the adults and that with respect to the infant the lien should be fixed by the court at the time of recovery or compromise of her cause of action.

If the lien is to be fixed on the basis of a percentage of ultimate recovery, the policy enunciated in the case of *Buckley* v. *Surface Transp. Corp.* (*supra*) should be followed. An attorney is entitled, however, to have his lien determined in a specified dollar amount on a *quantum meruit* basis, the court ascertaining, as best it can, the value of the services rendered to the date of the substitution. (See *Matter of Krooks*, 257 N. Y. 329; *Matter of Tillman*, 259 N. Y. 133; *Matter of Montgomery*, 272 N. Y. 323, and *Martucci* v. *Brooklyn Children's Aid Soc.*, 284 N. Y. 408.) The superseded attorney here asks for the fixation of his fee in a dollar amount as to the adult plaintiffs, but asks that the determination of his fee as to the infant plaintiff be held in abeyance pending the determination of the action. We think there is no occasion or justification for splitting up the consideration of the case for the purpose of fixing the attorney's fee or making determinations at different times. The fee should be fixed in a specified amount now or should await the determination of the action. Respondent will be given his choice by settlement of the order on this appeal, the order to provide at his election either for the fixation of a specified amount, which will be determined by the court on the settlement of the order, or for the fixation of the fee in accordance with the opinion in

*Buckley* v. *Surface Transp. Corp.* (*supra*). The order appealed from will be modified accordingly, and as so modified, affirmed, without costs of this appeal. Settle order.

Peck, P. J., Callahan, Van Voorhis, Heffernan and Bergan, JJ., concur.

Order unanimously modified in accordance with the opinion herein and, as so modified, affirmed, without costs of this appeal. Settle order on notice.