CHARLOTTE A. NEWCOMB, Appellant, v. KENNETH T. NEWCOMB, Respondent. (Consolidated appeals.) — Consolidated appeals by plaintiff from (1) an order entered March 11, 1952, which referred to an Official Referee for hearing and determination the issues presented on defendant's motion, treated by consent as one to renew his application to modify the final judgment of divorce obtained by plaintiff, so as to award sole care, custody and control of the infant child of the parties to the defendant, instead of to the plaintiff; (2) an order entered April 15, 1952, which denied plaintiff's motion to vacate the afore-mentioned order of reference, and for other relief; (3) an order entered May 3, 1952, which denied plaintiff's motion for an order directing defendant to pay the cost of printing the papers on appeal from the order of reference, and for other relief; and (4) an order entered April 15, 1952, which denied plaintiff's motion to modify the final judgment of divorce so as to increase the alimony provided therein from $50 a week to $150 a week. Order entered March 11, 1952, reversed on the law, with $10 costs and disbursements, and the matter remitted to the Special Term for determination on the merits. In our opinion, the opposing affidavits raise issues of fact which require a hearing, either before the court or before an Official Referee to whom the matter may be referred, in the court's discretion, for hearing and report. However, the order of reference to an Official Referee to hear and determine was made without the consent of the plaintiff, and consequently was beyond the jurisdiction of the Special Term. Sections 116 and 117 of the Judiciary Law do not authorize the reference in the instant case; and if construed as permitting such a reference would be in violation of the provisions of section 1 of article VI of the New York State Constitution respecting the jurisdiction of the Supreme Court (cf. *De Hart* v. *Hatch*, 3 Hun 375; *Alexander* v. *Bennett*, 60 N. Y. 204; *Anderson* v. *Reilly*, 66 N. Y. 189, and *Decker* v. *Canzoneri*, 256 App. Div. 68). *Matter of Brock* (245 App. Div. 5) is not to the contrary. In that case, the reference to hear and determine was on the stipulation of all the parties in open court. In view of the foregoing determination, the appeals from the orders entered April 15, 1952, and May 8, 1952, denying the motions to vacate the order of reference and to direct defendant to pay the cost of printing the papers on appeal, dismissed, without costs. Order entered April 15, 1952, denying plaintiff's motion to modify the final judgment of divorce so as to increase the amount of alimony, affirmed, without costs. The record discloses no facts which would authorize the court to exercise its discretion in favor of modifying the judgment. (*Schmelzel* v. *Schmelzel*, 287 N. Y. 21; *Porter* v. *Porter*, 270 App. Div. 1022; *Acerno* v. *Acerno*, 277 App. Div. 1126.) Nolan, P. J., Carswell, Johnston, Wenzel and MacCrate, JJ. concur. [See *post*, p. 753.]