SAMUEL REUBENBAUM, Respondent, *v.* B. & H. EXPRESS, INC., et al., Defendants. EUGENE L. SUGARMAN et al., Copartners Practicing Law under the Name of SUGARMAN, KUTTNER & FUSS, Appellants; GLICKER & DOYNOW, Respondents.

First Department, May 27, 1958.

*Eugene L. Sugarman* of counsel, in person (*Sugarman, Kuttner & Fuss,* attorneys), for Eugene L. Sugarman and others, appellants.

*Norman Roy Grutman* of counsel (*Grabow & Katz,* attorneys), for respondents.

BREITEL, J. In this personal injury negligence action there is a dispute between incoming and outgoing attorneys on the determination of the lien of the outgoing lawyers under the provisions of the Judiciary Law. The incoming attorneys insist that the fee of the outgoing lawyers be determined on a fixed dollar amount *quantum meruit.* The outgoing attorneys, on the other hand, assert their right to receive a contingent per-

centage payable at the conclusion of the case, but determined at the present time. Special Term directed a reference to determine the fees of the outgoing lawyers on a fixed dollar amount *quantum meruit.*[*]

Both sets of attorneys have filed retainer agreements providing for contingent percentage fees on a sliding scale ranging from 50% of the first $1,000 of recovery to 15% on any amount recovered over $50,000. Such contingent percentages are authorized by the rules of this court (Special Rules Regulating the Conduct of Attorneys, rule 4).

Plaintiff client, aged 75, was injured September 4, 1957, when he, a pedestrian, was struck by a motor vehicle. He sustained a fractured skull. On September 9, 1957, the client retained the outgoing attorneys, who handled the case until October 24, 1957, when they were discharged. The outgoing attorneys aver that, in the interval, they investigated the case, prepared and served the summons and complaint, and received service of an answer and demand for a bill of particulars. They claim that their investigation had progressed far enough so that they were ready to try the case, if that were required.

The relevant principles are few and not difficult of application. The client always has the right to discharge his attorney, even without cause. When this happens, the attorney is entitled to compensation, determined by *quantum meruit,* whether that be more or less than that provided in the contract or retainer between the attorney and client. (*Matter of Montgomery,* 272 N. Y. 323; *Matter of Tillman,* 259 N. Y. 133; *Matter of Krooks,* 257 N. Y. 329.) As between the client and the outgoing attorney, either can require that the compensation be a fixed dollar amount, presently payable or secured by lien on the cause of action, determined on the basis of *quantum meruit,* that is, the value of the services. (*Martucci* v. *Brooklyn Children's Aid Soc.,* 284 N. Y. 408; see *Robinson* v. *Rogers,* 237 N. Y. 467, generally, and particularly as to security in lieu of present payment, distinguishing between retaining and charging liens; Ann. 3 A. L. R. 2d 148 *et seq.*) However, the client and the outgoing attorney are free to agree that the outgoing attorney shall, in lieu of a presently determined fixed dollar amount, receive as compensation a contingent percentage determined either at the time of substitution or at the conclusion of the

---

[*] There is some question whether it was proper to direct a reference to hear and determine rather than merely to hear and report, but that issue is not reached. (See *Matter of Wolf* v. *Assessors of Town of Hanover,* 308 N. Y. 416, 419; *Salvino* v. *Ruzzo,* 282 App. Div. 1093; *Newcomb* v. *Newcomb,* 281 App. Div. 689.)

case. This follows as a matter of elementary principles of contract.

But, where the dispute is not between client and attorney but is in fact between incoming and outgoing attorneys, different rules apply. And in this connection the fact that the plaintiff is the nominal appellant is not determinative. If the dispute is primarily or exclusively between the attorneys, the outgoing attorney is given the right to elect whether he will take his compensation on the basis of a presently fixed dollar amount *quantum meruit,* or whether, still on the basis of *quantum meruit,* he will take a contingent percentage instead. However, in the latter situation where the outgoing lawyer elects to take a contingent percentage, this court has repeatedly held, at least in tort cases, that the contingent percentage is better determined at the conclusion of the case. Then all of the factors properly determining compensation, especially the size of the recovery, have been ascertained.

This is precisely what was done in *Buckley* v. *Surface Transp. Corp.* (277 App. Div. 224). There, as here, plaintiff client was the nominal appellant, though in fact the dispute was only between the attorneys. The outgoing attorneys were given the option of taking a fixed dollar amount compensation, presently determined, based on *quantum meruit* or, in lieu thereof, to take a contingent percentage, also based on *quantum meruit,* to be determined at the conclusion of the case.

The principle expressed and the procedure followed in the *Buckley* case were followed in *Torres* v. *Frank* (279 App. Div. 730) and in *Carroll* v. *Sertner* (280 App. Div. 859). The principles established by these cases were thereafter followed in the Second Department, which gave express recognition to the *Carroll* and *Buckley* cases. (*Podbielski* v. *Conrad,* 286 App. Div. 1040, in which *Friedman* v. *Gordon,* 260 App. Div. 1023, affd. 285 N. Y. 630, was cited in support of some of the principles applied, but the practice in the *Buckley* case was followed, nevertheless. See, also, Tripp on Motion Practice [rev. ed.], §§ 180–181, and also, in 1949–1955 and 1957 supplements.)

In the present case it is quite clear, and it is so found, that plaintiff is but a nominal appellant in that the dispute, as in the *Buckley* case, is between the attorneys. Moreover, the same situation has arisen as in that case: the incoming attorneys have filed their retainer agreement without provision that the fees to which they are entitled under their filed retainer shall be inclusive of the compensation which may be owing to the outgoing attorneys. Of course, it must be assumed that such inclusion is intended, for any other view would be unconscion-

able and oppressive to the client in light of the large percentages of the recovery that are involved.

The outgoing lawyers having already elected to take a contingent percentage, it follows that the disposition of this case falls easily within the procedure adopted in the *Buckley* case.

Accordingly, the order granting the motion for substitution of attorneys and referring a determination of lien in *quantum meruit* to an official referee should be modified, on the law and on the facts, and in the exercise of discretion, to eliminate the last ordering paragraph and to substitute in lieu thereof a direction that the outgoing lawyers' compensation be determined by the court on a contingent percentage basis at the conclusion of the case, and to make such fees of the outgoing attorneys a charge included within the fees to which the incoming attorneys may be entitled; and as so modified, the order should be affirmed, without costs, and with the disbursements of both attorneys on this appeal to be paid out of their respective shares of any recovery.

BOTEIN, P. J., FRANK, McNALLY and STEVENS, JJ., concur.

Order unanimously modified in accordance with the opinion of the court filed herein, and as so modified, the order is affirmed, without costs, and with the disbursements of both attorneys on this appeal to be paid out of their respective shares of any recovery.