■ ROBERT SCHWARTZ, Appellant, v. WILLIAM TENENBAUM et al., Individually and as Partners Doing Business as NYLOR KNIT GOODS DYEING COMPANY, Defendants. IRVIN L. KAYE, Respondent.— In an action to recover damages for personal injuries, the appeal is from so much of an order providing for the substitution of attorneys for appellant, as fixes the compensation of respondent, the retiring attorney. Order reversed, with $10 costs and disbursements, and matter remitted to the Special Term for further proceedings

not inconsistent herewith. In his application for substitution of attorneys, appellant claimed that respondent had been inattentive to the case in which he had been retained, and that the relationship of attorney and client had been terminated for that reason. Respondent countered with an affidavit as to the terms of his retainer, the services that he had performed, and to the effect that he had obtained on appellant's behalf an offer of settlement for $5,000, which he was not urging appellant to accept, in view of the alleged injuries. Nevertheless he asked that his fee be fixed by allowing him the full amount which he would have received in accordance with his retainer if the offer of settlement had been accepted, and a further contingent allowance on any amount which might be recovered in excess of $5,000. Appellant submitted a reply affidavit in which he asserted that he had not been informed of any offer of settlement until a week after he had discharged respondent as his attorney. On this record, respondent was awarded his full fee of $2,000 on the first $5,000 recovered and a lien of 15% of any amount recovered in excess of $5,000. In our opinion, on the record presented, the award was unauthorized. Appellant had the right, with or without cause, to terminate respondent's authority, and on such termination respondent had the right to be compensated on a *quantum meruit* basis, not measured or limited by the terms of the retainer. He could, of course, consent to be compensated on a contingent basis. However, he should not have been awarded compensation on both theories, and in view of the conflict as to the facts including the claim that he had been inattentive to his duties, had been of little if any service, had received the offer of settlement after his authority had been terminated, and that the offer received was inadequate, should not have had his compensation determined, except after an inquiry and determination as to the services actually performed and their value in the light of the facts. Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ., concur.