J. Irwin Shapiro, J.
Motion by the plaintiff for leave to reargue her motion to punish the defendant for contempt of court for his failure to pay the difference between the $25 per week he has paid for the support of his children and the $40 per week which he was directed to pay in the judgment of divorce which became final on May 15, 1950, as well as the defendant’s cross motion to reduce such support.
While this motion is termed as one for leave to reargue, it is in reality for leave to renew upon additional facts and papers (Matter of Cohen v. Cocoline Prods., 309 N. Y. 119, 123) and it will be so considered.
Plaintiff urges that this court does not have the power, in the absence of the consent of both parties, to direct a reference to hear and determine, in view of the recent decision by the Appellate Division of the Second Department in Rayex Corp. v. Sanchez (6 A D 2d 903). It is true that in Strang v. Strang (276 App. Div. 1092) that court held that an official referee had the power to determine a motion for contempt for the failure of the defendant to make support payments directed by a final judgment granting plaintiff a divorce. In Newcomb v. Newcomb (281 App. Div. 689) and in Cameron v. Cameron (2 A D 2d 979), however, the court held that a proceeding involving custody and visitation of children may not be referred to an official referee to hear and determine when issues affecting a child’s welfare require a hearing; that such a hearing must take place before the court or before an official referee to whom the issues may be referred for hearing and report, unless the parties consent to a determination by the official referee. Although the Rayex case (supra) involved a motion to punish for contempt in a dispute with a labor union, the Appellate Division, in holding that Special Term lacked jurisdiction to order a reference to “hear and determine,” absent the consent of both parties, cited the Newcomb and Cameron cases (supra). In view of this latest expression by our Appellate Division, it would appear *367 that, inferentially, that court has overruled its prior decision in Strang v. Strang (supra). At least, it is now doubtful whether a motion to punish for contempt for failure to make support payments provided by a matrimonial judgment may be referred to an official referee for determination, rather than report, without the consent of both parties. Accordingly, the motion for leave to renew is granted and the decision of this court, dated July 29, 1958, is withdrawn.
Plaintiff urges on the merits that unpaid support due under a domestic matrimonial judgment may not be reduced or eliminated retrospectively and that, in any event, the defendant’s claim of an oral agreement with her, reducing the weekly payments from $40 to $25, has already been adjudicated.
It has been held that accrued installments of alimony may be reduced retrospectively in New York due to a change of the circumstances of the parties (Griffin v. Griffin, 327 U. S. 220); and that section 1170 of the Civil Practice Act vests the court with authority to ‘ ‘ modify the final judgment as to alimony past due or thereafter to become due.” (Van Dusen v. Van Dusen, 258 App. Div. 1020.) Under section 1171-b of the Civil Practice Act the court has been given discretion to grant relief from the payment of alimony arrears upon a proper showing of facts and all the equities presented must be explored in consideration of a motion for leave to docket a judgment for the arrears of alimony. (Oritzland v. Oritzland, 6 A D 2d 808, 809.) Likewise, upon a motion to punish for contempt, the court has the discretionary power under subdivision 3 of section 1172-a of the Civil Practice Act to modify past-due alimony, if, as a defense to the motion, the husband asserts his inability financially to make the payments contained in the judgment. If satisfied from the proofs that such is the case, the statute provides that the court “may, in its discretion, until further order of the court, make an order modifying such order or judgment and denying the application to punish the defendant for contempt.” (Taishoff v. Taishoff, 276 App. Div. 899; Rothenberg v. Rothenberg, 277 App. Div. 909; Myers v. Myers, 252 App. Div. 768.)
The fact that the $40 per week support for the children provided in the judgment of divorce herein resulted from an agreement of separation dated February 7,1950, does not affect the defendant’s right to invoke the provisions of section 1172-a of the Civil Practice Act. Mr. Justice Rabin, in this very case (N. Y. L. J., Nov. 16, 1955, p. 13, col. 3) said: “ It is quite true that so long as a support agreement stands unimpeached, the court cannot alter or modify its provisions (Galusha v. Galusha, *368 116 N. Y. 635). The contractual obligations continue even if incorporated in a matrimonial decree, provided they are not •merged therein (Hettich v. Hettich, 304 N. Y. 8, 14). That does not mean, however, that so far as the judgment itself is concerned the court may not modify it with regard to alimony merely because the amount thereof was fixed in the agreement. Having invoked the power of the court to direct in its decree that the defendant make suitable provision for her support, the plaintiff may not be heard to say that as matter of law that direction is not subject to later modification upon the occurrence of a change of circumstances. The direction in the judgment ‘ might be enforced in manner provided by the statute, though the contractual obligation could not be so enforced; and might be modified thereafter by the court, though the contractual obligation could not be so modified without the consent of both parties ’ (Goldman v. Goldman, 282 N. Y. 296, 303-304).
“Where the provisions of a support agreement survive incorporation in a matrimonial decree, an action may be brought to recover the difference between the amount due under the agreement and the amount paid under the judgment, notwithstanding that such amount was subsequently reduced by the court (Holahan v. Holahan, 191 Misc. 47, affd. 274 App. Div., 846, affd 298 N. Y. 798; Sommer v. Sommer, 94 N. Y. S., 2d 23, affd 277 App Div. 998.)
" In short, ‘ the direction of the court that the defendant shall pay to the plaintiff a sum less than he agreed to pay does not relieve the defendant of any contractual obligation ’ (Goldman v. Goldman, supra, at p. 305).”
As for the plaintiff’s contention that defendant’s claim of an oral modification of the support provisions for his children has already been adjudicated, it appears that in several actions brought by the plaintiff to recover on the separation agreement the defendant asserted, by way of defense, an oral agreement with the plaintiff reducing the support from $40 to $25 per week. Plaintiff, however, recovered on the basis of $40 per week. In one of these actions the court, granting plaintiff summary judgment, stated with respect to such defense “If, as is claimed and not denied, the issue raised by the defendant has been previously tendered and defaulted upon [sic] such issue nevertheless is res adjudieata [sic].” The court is accordingly convinced that the issue of an oral modification no longer is open for adjudication.
As for the plaintiff’s contention that the defendant has not sufficiently established a change of circumstances upon the basis of which the court may grant him relief from the provisions *369 of the judgment, the court thinks otherwise. According to the defendant, his present earnings are $50 per week and one of his children, for whom the support of $40 per week was in part intended, will be 21 years of age on September 9, 1958, and is presently employed. Whether defendant’s failure to pay the support provided in the judgment was willful and contumacious or he was actually unable, because of his financial situation, to do so, and whether the amount of support provided therein should in any event be now reduced are issues of fact which cannot be decided on affidavits alone, and a plenary hearing is necessary.
Accordingly, both motions are again referred to an official referee, but only to hear and report in which event a transcript of the testimony will be required on the motion to confirm whatever report may be made; (Aron v. Aron, 280 N. Y. 328.) The expense of the stenographer’s transcript may be avoided, of course, by the parties consenting to a reference to hear and determine. They may indicate such consent when the order is submitted to the court.
Settle order.