■    PHILIP FROIM, Respondent, v. PEARL FROIM, Apellant.— In an action for a separation, in which judgment was rendered in favor of the defendant wife upon her counterclaim, the wife appeals from an order of the Supreme Court, Nassau County, dated December 14, 1961, which referred to a Special Referee for hearing and determination of the issues raised by her motion to punish the husband for contempt and for other relief, by reason of his failure to make the alimony payments directed by the judgment. Order modified by striking out so much of its decretal paragraph as referred the issues to the Special Referee " to hear and determine; " and by substituting therefor a provision referring the issues to the Special Referee " to hear and report." As so modified, order affirmed, without costs. In the absence of the consent of the parties, it is improper to refer to any Referee to hear and *determine* a motion to punish for contempt for failure to pay alimony (*Newcomb* v. *Newcomb*, 281 App. Div. 689; *Cameron* v. *Cameron*, 2 A D 2d 979; *Pezzella* v. *Pezzella*, 280 App. Div. 835). Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■    HARRIETTE GOLD et al., Respondents, v. JACOB BLUYSHTEIN, Appellant.— In a negligence action to recover damages for injury to person and property and for loss of services and medical expenses, arising out of an automobile collision, defendant appeals from an order of the Supreme Court, Kings County, entered June 23, 1959, which, *inter alia,* granted plaintiffs' motion: (a) to vacate a prior order, entered on their default, dismissing the complaint for lack of prosecution; and (b) to open their default. Order reversed, without costs, and motion denied. In our opinion, the Special Term improvidently exercised its discretion in vacating the prior order dismissing the complaint for plaintiffs' failure to prosecute. The excuse that plaintiffs' inactivity for 42 months after joinder of issue was due to inadvertence is insufficient to warrant vacatur of such prior order (*Siegel* v. *City of New York,* 16 A D 2d 679; *Topp* v. *Casco Prods. Corp.,* 8 A D 2d 727; *O'Rourke* v. *City of New York,* 3 A D 2d 713; *Mancino* v. *City of New York,* 1 A D 2d 830; *A. R. Hyde & Sons* v. *Roller Derby Skate Co.,* 1 A D 2d 942). Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.