■ MARTHA STRAUSS, Appellant, v JOHN F. CUNNINGHAM et al., Defendants, and ROBERT D. GOULD, Respondent.—Order of the Supreme Court, New York County, entered in the office of the clerk on February 18, 1977, granting appellant's motion to change her attorney as of right, but not for cause, and providing that respondent shall have a lien on the recovery herein to the extent that if the case goes to trial, the Trial Judge will fix the

fair and reasonable fee of respondent, and if the case be settled, the fee of respondent shall be 50% of the attorney's fees as fixed by the sliding scale retainer agreement, unanimously modified, on the law, to provide for remand to Special Term for further proceedings requiring respondent to exercise an election as to whether he will accept compensation on the basis of a presently fixed dollar amount *quantum meruit* or on a contingent percentage instead, and if he elects the latter to provide that the contingent percentage, to be determined on the basis of the reasonable value of respondent's services relative to the value of the entire legal services rendered in appellant's behalf in this action, is to be fixed at the conclusion of this case instituted in New York, whether brought about by settlement or trial, and otherwise affirmed, without costs or disbursements. We find no basis, in the circumstances here, for appellant to discharge respondent for cause; yet she might always exercise her right to terminate respondent's employment *(Matter of Weitling,* 266 NY 184, 186; *Reubenbaum v B. & H. Express,* 6 AD2d 47, 48; *Schwartz v Tenenbaum,* 6 AD2d 810-811). The récord discloses that respondent had not only been diligent but thorough in his representation of appellant. The fact that respondent had reservations as to whether his *Seider* attachments (see *Seider v Roth,* 17 NY2d 111) had been effected properly under the CPLR (see § 6202) does not, in any way, demonstrate neglect in seeking to protect the interests of appellant. There is no need to pursue the claim of appellant that respondent failed to anticipate the ruling of *Shaffer v Heitner* (433 US 786), and should have moved promptly in another fashion to secure "in personam" jurisdiction over those defendants who were Massachusetts residents. Although at Special Term respondent requested alternatively a $5,000 fee for services rendered or a contingent fee of 60% of the attorney's fee established under the sliding scale retainer agreement, he did not, however, state which he preferred *(Reubenbaum v B. & H. Express, supra,* p 49). Where an election is not reflected in the record, the matter should be remitted to Special Term for proceedings requiring the exercise of such an election *(Chugerman v Wagner,* 42 AD2d 772, 773). Moreover, at such proceedings, if respondent chooses to take a contingent percentage, such percentage, to be determined on the basis hereinabove stated, should be fixed at the conclusion of this case, whether the action is settled or tried *(Chugerman v Wagner, supra,* p 772; *Reubenbaum v B. & H. Express, supra,* p 49). It does not appear that the lien referred to in the order applies to the Massachusetts action. The order addresses itself to substitution of counsel in the New York action and does not mention the potential action that might be brought in Massachusetts. In any event, the lien provided for in section 475 of the Judiciary Law cannot apply to the Massachusetts action, as New York does not have jurisdiction over the proceeds in Massachusetts. The lien should be restricted to the recovery in this action commenced in New York, whether it is settled or tried. Concur—Kupferman, J. P., Birns, Silverman, Lane and Markewich, JJ.