■ MAX E. GREENBERG, CANTOR, TRAGER & TOPLITZ, Respondent-Appellant, v GODDARD & BLUM et al., Appellants, and SERVIDONE CONSTRUCTION CORP. et al., Respondents, et al., Defendants. [600 NYS2d 679] —Clarification granted, and upon clarification, the unpublished decision and order of this court entered on May 18, 1993 (Appeal No. 48111-48112) is recalled and vacated and the following substituted therefor:

Order of the Supreme Court, New York County (Burton Sherman, J.), entered January 13, 1992, which denied defendant's motion for summary judgment, granted plaintiffs' cross-motion for an order compelling disclosure, and awarded sanctions against defendant Goddard & Blum, is unanimously modified, to the extent of awarding summary judgment to plaintiff on the first cause of action, as against defendants Goddard & Blum and Servidone Construction Corp., and otherwise affirmed, and the matter is remanded for an assessment of damages on the first cause of action, with costs.

Order of the Supreme Court, New York County (Burton Sherman, J.), entered on June 4, 1992, which, *inter alia,* denied defendants' motion for summary judgment, is unanimously modified, to the extent of reversing so much of the order as dismissed the action against Servidone Construction Corp. and otherwise affirmed, with costs.

The plaintiff-appellant law firm seeks to recover a portion of fees in two matters that were previously handled by the plaintiff law firm as it was constituted prior to dissolution under an agreement dated December 31, 1987. Defendants include Howard Blum, a former partner in plaintiff's predecessor firm and a signatory of the December 31, 1987 withdrawal agreement, and Ray Goddard and Gregory Ronan, who were associates in plaintiff's predecessor firm. Plaintiff's rights are based both on the withdrawal agreement and Judiciary Law § 475, which provides for a charging lien.

The two litigation matters involved representation of defendant Servidone Construction Corp. in North Carolina and Texas. After the individual defendants left the plaintiff's predecessor firm, they joined the law firm of Blodnick, Pomerantz as partners. Gregory Ronan continued as trial counsel in the Servidone matter in North Carolina, and Ray Goddard and Gregory Ronan continued as trial counsel in the Servidone matter in Texas. In February 1989, Blum, Ronan, and Goddard withdrew from the Blodnick firm and formed their own firm, defendant Goddard & Blum.

Both Servidone matters have now been settled. Howard Blum, by letter to plaintiff dated April 28, 1988, acknowledged receipt of a fee of $131,077.41 in the North Carolina matter but refused to forward plaintiff's portion, asserted a right to a set-off with respect to a "replacement receivable" for $8,237.01, and stated that the balance of $57,301.70 is being held in escrow "until all disputes between us are resolved."

The correspondence with respect to the Texas litigation

establishes that the matter has been settled. However, defendant Blum asserts that Servidone never agreed to a contingent fee, but that the attorney defendants intended to request a bonus. Defendant Blum, by letter dated October 4, 1988, asserted a claim to share in fees pursuant to section 6.4 of the withdrawal agreement, and stated that "We intend to comply with our obligation in the withdrawal agreement".

Article 6 of the withdrawal agreement provides for division of the contingency fees of the Servidone matters between the "remaining partners" of the plaintiff's predecessor firm and the "withdrawing partners." Section 6.3 provides that "the firm" of the "withdrawing partners" shall pay over to the remaining partners 20% of the fee in the Texas case, while section 6.2, governing the North Carolina matter, provides only that the "withdrawing partners" shall pay to the remaining partners 50% of the fee.

Defendants argue that only defendant Howard Blum was a "withdrawing partner" and that the firm of Goddard & Blum is not bound by the agreement. We disagree. The intention of the parties is clearly set forth in the agreement and subsequent correspondence. We are satisfied that no genuine issue of fact is presented with respect to plaintiff's right to a share of the fees pursuant to the withdrawal agreement and the charging lien.

On remand, a hearing should be conducted to determine the proper amounts due. We agree that Joseph Servidone should be dismissed from the action in his personal capacity, but Servidone Construction Corp. should be a party pursuant to Judiciary Law § 475.

We disagree with the arguments of defendants that the firm of Goddard & Blum is under no obligation to share its fees in the Servidone matters. We agree with the analysis by the motion court of the intention of the parties with respect to the withdrawal agreement and the subsequent representation of Servidone Construction Corp. in the two litigation matters, but we find no genuine issues of material fact. On remand, with such discovery as the IAS Court may deem appropriate, the amount of the fee in the Texas litigation should be ascertained and sums due under the withdrawal agreement should be determined. We also agree that the sanction award against defendants is appropriate. Concur—Murphy, P. J., Carro, Kupferman, Asch and Kassal, JJ.