■ ARAMIS FERNANDEZ, JR., an Infant, by His Mother and Natural Guardian, MERCEDES FERNANDEZ, et al., Plaintiffs, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Doing Business as ELMHURST GENERAL HOSPITAL, Defendant. WILLARD G. LAFAUCI, Nonparty Respondent-Appellant; NASON & COHEN, P. C., Nonparty Appellant-Respondent. [656 NYS2d 687] —In an action to recover damages for medical malpractice, the plaintiff's former attorney, Nason & Cohen, P. C., appeals (1) from a judgment of the Supreme Court, Queens County (LeVine, J.), dated August 4, 1995, which, after a hearing, awarded Willard G. LaFauci, Esq., outgoing counsel to Nason & Cohen, P. C., (a) attorney's fees in the principal sum of $7,500 in quantum meruit for the reasonable value of the services

performed by LaFauci in this action, and (b) costs and disbursements of $1,075, and (2) from an order of the same court, dated January 31, 1996, which denied its motion (a) for renewal and reargument, (b) to vacate the judgment, and (c) to impose sanctions. Willard G. LaFauci cross-appeals, as limited by his brief, from so much of the judgment as awarded him only $7,500.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new hearing in accordance herewith; and it is further,

Ordered that the appeal from the order is dismissed as academic in light of our determination of the appeal from the judgment; and it is further,

Ordered that Willard G. LaFauci is awarded one bill of costs.

When a dispute over attorney's fees is between the outgoing attorney, i.e., LaFauci, and the incoming attorney, i.e., Nason & Cohen, P. C., the "outgoing attorney may elect to take compensation on the basis of a presently fixed dollar amount based upon quantum meruit for the reasonable value of services or, in lieu thereof, the outgoing attorney has the right to elect a contingent percentage fee based on the proportionate share of the work performed on the whole case" (*Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 458; *see also, Matter of Cohen v Grainger, Tesoriero & Bell*, 81 NY2d 655, 658). Where, as here, an election is not made or sought at the time of discharge, it is presumed that the outgoing attorney elected to receive a contingent percentage fee (*see, Matter of Cohen v Grainger, Tesoriero & Bell, supra,* at 660). Accordingly, the petitioner is entitled to a contingent percentage fee based upon his proportionate share of the work performed. Because the record is inadequate for a determination of the petitioner's contingent percentage fee, the matter is remitted to the Supreme Court, Queens County, for a further hearing.

Upon remittitur, the court may, in its discretion, award the prevailing party taxable costs not to exceed $100 (*see,* CPLR 8106, 8202) and any disbursements necessarily incurred (*see,* CPLR 8301).

We have reviewed the remaining contentions on the appeal and cross appeal and find them to be without merit. Miller, J. P., Joy, Goldstein and Florio, JJ., concur.