■ In the Matter of DONALD ORSECK et al., Doing Business as ORSECK LAW OFFICES, Successors to ORSECK, ORSECK, GREENBURG & GAIMAN, Respondents, v LORIT SHEMESH, Appellant, et al., Respondents. [662 NYS2d 622] —Carpinello, J. Appeals (1) from an order of the Supreme Court (Bradley, J.), entered July 22, 1996 in Sullivan County, which granted petitioners' application pursuant to Judiciary Law § 475 for counsel fees, and (2) from an order of said court, entered November 1, 1996 in Sullivan County, which, upon reargument, adhered in part to its prior decision.

Following a serious car accident in South Carolina, respondent Lorit Shemesh retained the Sullivan County law firm of Orseck, Orseck, Greenburg & Gaiman, petitioners' predecessor, and the North Carolina law firm of Edwards & Kirby to represent her in a personal injury action to be commenced in North Carolina. The retainer was pursuant to an October 6, 1993 contingent fee contract signed by Shemesh, who at that time resided in New York City, and witnessed by two of her family members. Pursuant to paragraph two of the agreement, the attorneys would receive "33⅓% of any recovery obtained". Although not outlined under the contingent fee agreement, the two firms agreed in a separate writing that Edwards & Kirby would receive two thirds of the counsel fees generated and petitioners would receive the other one third.

Shemesh's personal injury action having been settled for

$2.1 millon and Edwards & Kirby having been paid its percentage of the counsel fees collected, Shemesh now disputes petitioners' right to their share of the fee. At Shemesh's direction, the disputed funds, totaling approximately $222,222, have been deposited into an escrow account in North Carolina (both law firms agreed to waive a fee on $100,000 of the settlement proceeds). Pursuant to Judiciary Law § 475, petitioners commenced this proceeding to enforce a statutory charging lien over the nearly $1.4 million net proceeds distributed to Shemesh in New York, or, in the alternative, over the out-of-State escrow account into which the disputed fee had been placed. Supreme Court granted petitioners' application and ordered Edwards & Kirby to release the escrow funds to petitioners. Upon reargument, the court in significant part adhered to its prior decision.

We agree with Shemesh's argument that Supreme Court lacked in rem jurisdiction over the out-of-State funds inasmuch as New York does not have jurisdiction over out-of-State proceeds (*see*, CPLR 314 [2], [3]; *see also*, *Strauss v Cunningham*, 61 AD2d 950, 951). We reach a contrary result, however, with respect to the proceeds which have been distributed to Shemesh in this State.

There is no requirement under Judiciary Law § 475 that the underlying action which generated the fee must have been commenced in a court of this State in order to be the subject of a charging lien. Rather, the statute itself speaks in terms of an action "in any court" (*id.*). Charging liens have been imposed under the statute for recoveries arising out of actions in out-of-State and Federal courts (*see*, *Butler, Fitzgerald & Potter v Gelmin*, 235 AD2d 218, 219; *Greenberg, Cantor, Trager & Toplitz v Goddard & Blum*, 195 AD2d 393). Accordingly, we reject Shemesh's claim that Supreme Court lacked jurisdiction over the settlement proceeds distributed to her in this State. Given the alacrity with which petitioners commenced the instant proceeding—within days of learning that Shemesh disputed their entitlement to a fee—we are also unpersuaded by Shemesh's claim that petitioners forfeited their right to enforce a charging lien against the proceeds distributed to her (*cf.*, *Kaplan v Reuss*, 113 AD2d 184, 187, *affd* 68 NY2d 693).

Finally, we are eminently satisfied, upon our review of the signed contingent fee contract, as well as correspondence and trial proceeding excerpts relating to Shemesh's personal injury action, that no genuine issue of fact has been presented with respect to petitioners' entitlement to the fee pursuant to Judiciary Law § 475 (*see generally*, *Greenberg, Cantor, Trager &*

*Toplitz v Goddard & Blum, supra*). In support of the petition, petitioners made an unrefuted demonstration of entitlement under the statute—proof that they were counsel of record to the settled personal injury action and that the proceeds of the settlement were procured, in part, through their efforts (*cf., Ebert v New York City Health & Hosps. Corp.*, 210 AD2d 292, *lv denied* 85 NY2d 806; *Greenberg, Cantor & Reiss v State of New York*, 128 AD2d 939, *lv denied* 70 NY2d 605).

While we have held that Supreme Court did not have in rem jurisdiction over the funds currently held in escrow in North Carolina, prudence would seem to dictate that the escrowed funds not be released to Shemesh until petitioners provide proof of payment to them from the settlement proceeds distributed to her in New York. We have reviewed Shemesh's remaining contentions and find them to be without merit.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order entered July 22, 1996 is modified, on the law, without costs, by reversing so much thereof as ordered respondents John R. Edwards and David F. Kirby to remit $222,222.22 with interest, costs and disbursements to petitioners, and, as so modified, affirmed. Ordered that the order entered November 1, 1996 is affirmed, without costs.