■ JACOB CONNELLY, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Defendant. KERNER AND

KERNER, Nonparty Appellant. [738 NYS2d 75] —In an action to recover damages for wrongful death, Kerner and Kerner, the former attorney for the plaintiff, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated June 5, 2000, as, after a hearing, granted the motion of Eric H. Green, the plaintiff's attorney, inter alia, to award it no fee in the action to the extent of awarding it only $750.

Ordered that the order is affirmed insofar as appealed from, with costs.

Where there is a fee dispute between outgoing counsel and incoming counsel, outgoing counsel may elect to receive compensation based upon quantum meruit or a contingent percentage based on his or her proportionate share of the work performed on the entire case (*see, Matter of Cohen v Grainger, Tesoriero & Bell,* 81 NY2d 655, 658; *Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454, 458; *Fernandez v New York City Health & Hosps. Corp.,* 238 AD2d 544). However, where outgoing counsel fails to demand payment of a fixed sum at the time of discharge, it is presumed that he or she elected to receive a contingent percentage fee (*see, Matter of Cohen v Grainger, Tesoriero & Bell, supra* at 659-660; *Fernandez v New York City Health & Hosps. Corp., supra*).

The appellant elected to receive a contingent percentage fee, as it failed to demand a fixed fee at the time of discharge (*see, Matter of Cohen v Grainger, Tesoriero & Bell, supra* at 659-660; *Fernandez v New York City Health & Hosps. Corp., supra*). Accordingly, in light of the nature and extent of the services provided, the Supreme Court providently exercised its discretion in its award to the appellant (*see, Matter of Cohen v Grainger, Tesoriero & Bell, supra*).

The appellant's remaining contention is not properly before this Court, as it was not raised before the Supreme Court and, in any event, is without merit (*see, Matter of New York Cent. Mut. Fire Ins. Co. v Daley,* 273 AD2d 315; *American Home Assur. Co. v Choudary,* 255 AD2d 346). Feuerstein, J.P., Krausman, Schmidt and Cozier, JJ., concur.