■ In the Matter of BENJAMIN E. SETAREH, P.C., Appellant, v CAMMARASANA & BILELLO, ESQS., et al., Respondents. [826 NYS2d 651]—In a proceeding pursuant to Judiciary Law § 475 to enforce an attorney's lien, the petitioner appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Murphy, J.), entered October 19, 2004, as determined that it would be entitled to 25% of the portion of the legal fee awarded to the respondent Cammarasana & Bilello, Esqs., in the event that it is determined, after a hearing, that the petitioner was not discharged for cause by its former client, Gabriel Barrios, and (2) a judgment of the same court (Coppola, J.H.O.), dated January 24, 2005, which awarded Cammarasana & Bilello, Esqs., 20% of the net legal fee from Roura, Melamed and White, counsel for Gabriel Barrios and Kenneth A. Wilhelm, counsel for Jorge Lema, from the proceeds of an arbitration on behalf of Gabriel Barrios and Jorge Lema, and awarded the petitioner 25% of the legal fees recovered by Cammarasana & Bilello, Esqs., for that arbitration.

Ordered that the appeal from the order of October 19, 2004 is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents, appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issue raised on the appeal from the order is brought up for review and has been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The appellant never argued in the Supreme Court that its agreement with Cammarasana & Bilello, Esqs. (hereinafter the agreement), entitled it to 25% of the total legal fees in connection with representation of Gabriel Barrios and Jorge Lema. Instead, the appellant asked the Supreme Court to apportion fees on a quantum meruit basis, rather than based upon the agreement. Thus, the appellant failed to preserve for appellate review its sole claim on appeal that it was entitled to 25% of the total legal fees under the agreement (*see Hildreth-Henry v Henry*, 27 AD3d 419, 420 [2006]; *Gomez v Bicknell*, 302 AD2d 107, 115 [2002]; *Miller v Village of Wappingers Falls*, 289 AD2d 209, 210 [2001]).

In any event, the Supreme Court properly declined to fix the fee on the basis of quantum meruit because the appellant had not elected that manner of compensation when it was discharged (*see Matter of Cohen v Grainger, Tesoriero & Bell*, 81 NY2d 655, 659-660 [1993]; *cf. Connelly v Motor Veh. Acc. Indem. Corp.*, 292 AD2d 332, 333 [2002]). In addition, the appellant's current claim in which it seeks to bind law firms that were not parties to its arrangement with Cammarasana & Bilello, Esqs., is without merit (*see Schapiro v Madera*, 243 AD 637, 637-638 [1935]; *see also Black Car & Livery Ins., Inc. v H&W Brokerage, Inc.*, 28 AD3d 595, 595-596 [2006]). Ritter, J.P., Goldstein, Spolzino and Skelos, JJ., concur.