In the Matter of the Application and Petition of the BOARD OF WATER SUPPLY OF THE CITY OF NEW YORK, under Section 42, Chapter 724 of the Laws of 1905, as Amended by Section 9, Chapter 314 of the Laws of 1906.

DAMAGE COMMISSION No. 4.

BROWN & SLOSSON, Appellants; FILMORE BELL, Claimant, Respondent.

Third Department, November 14, 1917.

Attorney and client — right of client to discharge attorney — effect of discharge without cause upon attorney's lien for prior professional services — jurisdiction of Special Term upon application of client to cancel lien of attorneys upon an award for damages.

A client has the right, arbitrarily, and without good and sufficient reason therefor, to discharge his attorneys, but they are not thereby deprived of their right to compensation for their services from the time of their retainer until the revocation of their appointment.

The discharge, without good cause, of attorneys retained to file and prosecute claims for damages arising out of the construction of the Ashokan reservoir, does not effect the annulment of a prior assignment to them of a portion of an award, nor deprive them of their lien for services theretofore rendered, nor does the consolidating of the claims and re-presenting them under another number and obtaining an order dismissing said claims, have such an effect.

Hence, the court under such circumstances should not ignore the claims of such attorneys for professional services and direct the full amount of

Third Department, November, 1917.          [Vol. 179.

the award to be paid to the client.   The claims of such attorneys should
be determined and enforced against the award for the amount justly
owing thereon.

The application for an order to cancel the lien of such attorneys and to
pay the moneys to the client conferred upon the Special Term jurisdiction
to try the issues raised by the affidavits and determine the amount of the
lien or to send the matter to a referee to take the proofs and report the
same to the court with his opinion.

APPEAL by Brown & Slosson, attorneys, from an order of the
Supreme Court, made at the Dutchess Special Term and entered
in the office of the clerk of the county of Ulster on the 30th
day of June, 1917, granting a motion to cancel their liens.

*Brown & Slosson* [*Arthur A. Brown* of counsel], for the
appellants.

*Brinnier & Canfield* [*Palmer Canfield, Jr.,* of counsel], for
the respondent.

LYON, J.:

This is an appeal from an order of the Special Term
canceling liens for professional services filed against awards
for damages arising out of the construction of the Ashokan
reservoir, and directing the comptroller of the city of New
York to pay the full amount of said award to the claimant,
respondent, herein, Filmore Bell.

In April, 1912, said Bell, through the appellants as his
attorneys, filed with the board of water supply of the city
of New York a claim for damages to an established business
resulting from the acquiring of lands by the city of New York
for reservoir purposes, which claim was numbered 470.   Soon
thereafter, with the consent of Bell, appellants agreed upon a
settlement of said claim at $200, the settlement not to be
carried out until the trial of the claim of Bell for damages
to real estate.   Thereupon, by instrument of date May 1,
1912, Bell assigned to appellants his claim for said damages
to the extent of $75, the assignment reciting that it was
given in consideration of services theretofore rendered.   In
January, 1913, through appellants as his attorneys, Bell filed
with the board of water supply a claim for damage to his
real estate, which claim was numbered 896.   December 3,
1913, Bell without giving any valid reason therefor, mailed

to the appellants a letter dispensing with their services as attorneys and revoking and canceling any agreements made by him with them to represent his claims. The following day the attorneys herein for Bell filed a claim with the board of water supply embracing both said business damage claim and said real estate damage claim, which claim was numbered 1047.

In the fall of 1916 claim No. 1047 was tried before the Commissioners constituting Damage Commission No. 4, Bell being represented by his attorneys herein; and awards were made of $200 for damage to business and $650 for damage to real property. February 3, 1917, the report of the Commissioners as to these awards with many others was confirmed by the Special Term, and said claims Nos. 470 and 896 dismissed, the appellants being present in court upon other matters. It appears, however, that no notice of the application to confirm said report was given the appellants and that they did not know that any action was being taken on said claims. Following the granting of the order, demand for the payment of the award was made upon the comptroller of the city of New York who refused to make payment because of said assignment and of a notice of lien upon said award on account of professional services, which had been filed with the comptroller by the appellants. On May 26, 1917, an application was made by Bell to the Special Term, upon notice to the appellants, for the cancellation of said liens, and thereupon the order appealed from was granted directing that the comptroller of the city of New York pay to Bell the aggregate of said awards, with costs, upon the delivery by Bell to the comptroller of a general release of said claim, and ordering that the alleged liens of appellants against said award be and thereby were canceled and set aside.

Unquestionably Bell had the right arbitrarily and without good and sufficient reason therefor existing, to discharge the appellants as his attorneys, and upon his doing so the relation of attorney and client ceased, and the client remained liable only for services rendered by the appellants to the time of the discharge. (*Martin* v. *Camp*, 219 N. Y. 170; *Matter of City of New York*, Id. 192.) However, such discharge did not deprive the appellants of the right to compensation for their services from the time of being retained as attorneys

until the time of the revocation of their appointment, which appellants state consisted of preparing and filing the claims, preparing the claims for trial, causing them to be placed upon the calendar for trial, settling the claim for damage to business, and being at all times able, ready and willing to try the claims when reached. The discharge did not have the effect of annulling the assignment of May 1, 1912, nor of depriving the appellants of their lien for services theretofore rendered. Neither did consolidating the claims and re-presenting them under another number and obtaining an order dismissing the claims filed by appellants have that effect. The appellants' lien attached to the award (Judiciary Law, § 475), which the appellants were prevented from obtaining solely by reason of the revocation of their employment. Had the appellants been discharged for good cause a different question might be presented, but a client cannot by discharging his attorneys without cause deprive them of their right of lien. However, Bell in his affidavit upon which the motion to cancel appellants' liens was granted does not question the validity of said assignment, nor that the same represented full value received by him, nor explain his act of discharging the appellants as his attorneys, nor claim that there was any justification therefor.

We think the Special Term should not have ignored appellants' claims for professional services and directed the full amount of the award to be paid over to Bell, but that such claims should have been determined and enforced against the award for the amount justly owing thereon. The application for the order to cancel the lien and to pay the moneys to respondent was an application to the court for a determination that the appellants had no lien. Such application conferred upon the Special Term jurisdiction to itself try the issues raised by the affidavits and determine the amount of the lien, or to send the matter to a referee to take the proofs and report the same to the court with his opinion. (*Matter of Knapp*, 85 N. Y. 284, 297; *Matter of Crescent Avenue*, 183 id. 14.)

The order appealed from should be reversed, with ten dollars costs and disbursements to the appellants.

All concurred.

Order reversed, with ten dollars costs and disbursements.