■    Mt. Zion Baptist Church of Port Chester, Inc., et al., Respondents, v. Sylvester Brown et al., Defendants, and Phil Jordon et al., Appellants.— In an action for a declaratory judgment and for injunctive relief, the appeal is from an order denying a motion (1) pursuant to rule 90 of the Rules of Civil Practice requiring respondents, *inter alia*, to separately number and state their causes of action, and (2) pursuant to rule 102 of the Rules of Civil Practice to require respondents to serve an amended pleading on the ground that the complaint is indefinite, uncertain or obscure. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■    Robert Schwartz, Appellant, v. William Tenenbaum et al., Individually and as Partners Doing Business as Nylor Knit Goods Dyeing Company, Defendant. Irvin L. Kaye, Respondent.— Appeal from an order which, *inter alia*, (1) denied appellant's motion for a reference to hear and determine whether appellant had just cause for discharging respondent as his attorney in appellant's action to recover damages for personal injuries and if respondent be found entitled to compensation, the reasonable value of his services on a *quantum meruit* basis, and (2) directed that respondent's compensation be fixed on a contingent basis at the conclusion of the case, as requested by respondent. Order reversed, without costs, and motion remitted to the Special Term for further proceedings as indicated herein. In our opinion, there are issues requiring a hearing (a) as to whether respondent was discharged for cause, in which event he would be entitled to no compensation, (b) if it be determined that respondent was discharged without cause, as to whether appellant waived his right to have respondent's compensation fixed on a *quantum meruit* basis by having requested, on the motion for substitution, that it be fixed on a contingent percentage basis at the conclusion of the case, (c) if it be determined that there was no such waiver, as to the amount of respondent's compensation on a *quantum meruit* basis, which is to be paid at the conclusion of the case from the proceeds and which is to be a lien thereon, and (d) if it be determined that there was such waiver, as to the amount of respondent's compensation on a contingent percentage basis, which is to be paid at the conclusion of the case and which is to be a lien on the proceeds. Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.