OPINION OF THE COURT
 

 Simons, J.
 

 This appeal presents two questions: (1) does a discharged attorney who has instituted a personal injury action in State
 
 *657
 
 courts have a statutory lien on a recovery obtained for the client on the same claim sued by a successor attorney in Federal courts; (2) when must a discharged attorney, retained on a contingent fee basis, elect the method of computing the fee.
 

 The dispute arises from these facts.
 

 Petitioner Cohen, an attorney, entered into a written agreement to represent James Staffer in his claim for personal injuries against his employer, Bouchard Transportation Co., Inc. The agreement called for Cohen to receive a contingent fee equaling 3316% of any sum recovered for Staffer. In November 1985, following investigation and preparation, Cohen commenced an action on behalf of Staffer in Supreme Court, Richmond County. He continued handling the case until June 1986. At that time Staffer sent Cohen a letter discharging him, asking Cohen to deliver his file and stating that his new attorney would contact him. The new attorneys did not contact Cohen, however, and it was not until April 1987 that he learned from a third party that Staffer’s new counsel was respondent Florrie Wertheimer, P. C., and that the Wertheimer firm had commenced a separate action on the same claim in United States District Court. Some 19 months later, after Staffer had won a $480,650.30 judgment in Federal court, Cohen brought this special proceeding to enforce his attorney’s lien under Judiciary Law § 475. He seeks a fee based on a percentage of the judgment recovered.
 

 Supreme Court held that the statute grants a lien only to the attorney of record in the court where plaintiff obtains a recovery. Because the recovery was gained in Federal court and Cohen was not the attorney of record there, Supreme Court concluded that his fee must be measured by quantum meruit and, applying that rule, determined the amount. The Appellate Division modified the judgment by increasing the fee but otherwise affirmed.
 

 Section 475 of the Judiciary Law provides that “[flrom the commencement of an action * * * the attorney who appears for a party has a lien upon his client’s cause of action * * * which attaches to a verdict, report, determination, decision, judgment or final order in his client’s favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties”.
 

 While we have never passed on the question, the parties now agree that Cohen has a statutory lien which attaches to
 
 *658
 
 the recovery notwithstanding that the final judgment was obtained in Federal court. That rule has been applied repeatedly in the Appellate Division by decisions holding that the lien is imposed on the cause of the action and that the proceeds, wherever found, are subject to it. And this is so even if recovery is obtained in an action different from the one in which the services were rendered
 
 (see, Neimark v Martin,
 
 7 AD2d 934, 935;
 
 Morgan v Drewry, S. A. R. L.,
 
 285 App Div 1, 4;
 
 Matter of Lourie,
 
 254 App Div 555;
 
 see also, Matter of Board of Water Supply [Bell],
 
 179 App Div 877, 878). Were the rule otherwise, the client and the successor attorney could easily frustrate the remedial purposes of the statute by the simple expedient of instituting a new action, thereby extinguishing the prior action, and leaving the discharged attorney without security
 
 (see, Morgan v Drewry, S.
 
 A.
 
 R. L., supra,
 
 at 5). Accordingly, we hold that Cohen’s rights attached when he commenced the State action and he is entitled to a statutory lien against the proceeds of the Federal action.
 

 The question remaining is whether attorney Cohen lost his right to a contingent fee by failing to promptly elect that method of computing his fee. We conclude that petitioner is entitled to a percentage of the fee actually recovered by the Wertheimer firm based upon the pro rata share of the work the two attorneys performed in obtaining the recovery.
 

 It is settled that a client may discharge an attorney at any time, with or without cause
 
 (Lai Ling Cheng v Modansky Leasing Co.,
 
 73 NY2d 454, 457;
 
 Matter of Montgomery,
 
 272 NY 323, 326). As against the client, a discharged attorney may recover the "fair and reasonable value” of the services rendered
 
 (Matter of Montgomery, supra,
 
 at 326-327), determined at the time of discharge and computed on the basis of quantum meruit
 
 (id.; Reubenbaum v B. & H. Express,
 
 6 AD2d 47, 48). Only if the client and attorney agree may the attorney receive a fee based on a percentage of the recovery (Lai
 
 Ling Cheng v Modansky Leasing Co.,
 
 73 NY2d, at 457-458;
 
 Reubenbaum, supra,
 
 at 48).
 

 But when the dispute is between attorneys, as here, the rules are somewhat different. The discharged attorney may elect to receive compensation immediately based on quantum meruit or on a contingent percentage fee based on his or her proportionate share of the work performed on the whole case
 
 (Cheng, supra,
 
 at 458 [citations omitted]). That right can only be limited by waiver or operation of law.
 

 
 *659
 
 When Cohen discovered that the Wertheimer firm had taken over the case, he notified it that he would seek his fee "at an appropriate time” but he did not state what method of computation he elected. The Wertheimer firm took no action then but it now contends that Cohen waived his right to a contingent fee by failing to promptly and explicitly set forth his election when he was discharged. Any other rule would be "unconscionable”, it asserts, because it would allow the discharged attorney to wait until the end of the litigation and claim a contingent fee when nothing remains contingent. The converse, however, is that requiring a discharged attorney who remains silent to accept a quantum meruit fee would provide a form of "insurance” by guaranteeing a fee, even if the underlying litigation was ultimately unsuccessful.
 

 While no New York case has specifically ruled on the subject, we have held that an outgoing attorney’s assertion to an incoming attorney that the fee "would be 'determined at the conclusion of the litigation’ ” should be construed to mean that the outgoing attorney was opting to have the fee measured by a percentage of the recovery
 
 (Cheng, supra,
 
 at 459). While
 
 Cheng
 
 dealt with what type of election was made by the discharged attorney, it lends support to the idea that an attorney’s decision to put off payment is inconsistent with a demand for quantum meruit. Indeed, other cases have held that when a notice of substitution is involved, the discharged attorney should be compelled either to elect quantum meruit at the time of departure or to accept a contingent fee computed as a percentage of the recovery at the conclusion of the case
 
 (see, Podbielski v Conrad,
 
 286 App Div 1040, 1041).
 

 This presumption, that a contingent fee is desired if no election is made, follows logically. As a practical matter, quantum meruit valuation of services rendered by a discharged attorney can best be determined at the time of discharge, rather than some months or years later when the case finally ends, whereas the calculation of a contingent percentage fee is better left to the conclusion of the litigation "when the amount of the recovery and the relative contributions of the lawyers to it can be ascertained”
 
 (Cheng, supra,
 
 at 459). The presumption would also avoid the imposition of a quantum meruit fee if the litigation was unsuccessful.
 

 Rather than adopt a hard and fast rule, we leave the determination of fees in these cases to the election of the departing attorney, as demonstrated by his or her conduct.
 
 *660
 
 Where an election is not made or sought at the time of discharge, the presumption should be that a contingent fee has been chosen. This result avoids both the problem of belated claims for compensation when proof of services rendered is hard to rebut and the inequity involved in allowing the discharged attorney to wait until the case is lost and then demand a fee measured quantum meruit. Our holding places the discharged attorney in the position of having to demand payment of a fixed sum at the time of discharge, or if he or she remains silent, of collecting payment only if the litigation proves successful and then on a contingency basis. Of course, if the parties are uncertain of their positions either may obtain a judicial determination of the fee at any time.
 

 In this case, both the record and the presumption work in favor of attorney Cohen. First, Cohen never received notice of substitute counsel and can hardly be blamed for not making a timely election when he did not know against whom to assert his rights. Second, nothing in the record suggests that Cohen ever elected quantum meruit. Instead, when he found out that the Wertheimer firm had taken over the case, he indicated that he would seek his fee "at an appropriate time”. That wording is more indicative of an election to be paid a percentage of the recovery than to seek quantum meruit. Inasmuch as Cohen did not elect to receive compensation on a quantum meruit basis, he is entitled to receive a prorated share of the contingent fee paid the Wertheimer firm.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and matter remitted to Supreme Court, Richmond County, for further proceedings in accordance with this opinion.
 

 Chief Judge Kaye and Judges Titone, Hancock, Jr., Bellacosa, Smith and Levine concur.
 

 Order reversed, etc.