■ CAREN E. GLICKSON et al., Respondents, v ELI LILLY & COMPANY et al., Defendants, FINZ & FINZ, P. C., Respondent, and RONALD R. BENJAMIN, Appellant. [650 NYS2d 314] —In an action to recover damages for personal injuries, etc., Ronald R. Benjamin appeals, as limited by his brief, from so much of an

order of the Supreme Court, Queens County (Braun, J.), dated November 28, 1995, as denied that branch of his cross motion for partial summary judgment which was to limit the nonparty petitioner-respondent's fee to the fixed dollar value of its services on an hourly basis. Justice Joy has been substituted for the late Justice Hart (*see,* 22 NYCRR 670.1 [c]).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the appellant's cross motion for partial summary judgment which was to limit the nonparty petitioner-respondent's fee to the fixed dollar value of its services on an hourly basis is granted.

In 1992 the plaintiffs discharged the nonparty petitioner-respondent, Finz & Finz, P. C., as their attorney in a products liability action to recover damages for personal injuries, and hired the appellant to represent them. The plaintiffs' retainer agreement with the appellant provided that, as a condition of having the appellant represent them, the plaintiffs would pay their former attorney the "reasonable hourly rate for all work completed on you [*sic*] behalf to date". The agreement further provided: "As part of this agreement you therefore authorize me to advise the [petitioner's] firm to provide us with the time devoted to the case on your behalf and upon receipt of the same agree to promptly pay the [petitioner's] firm its reasonable hourly fee for all services completed to the time of their discharge".

By letters dated August 28, 1992, November 30, 1992, and December 21, 1992, the appellant, on behalf of the plaintiffs, asked the plaintiffs' former attorney for a bill for its services at the hourly rate. The letter dated November 30, 1992, stated unequivocally that "*quantum meruit* will be what the [plaintiffs] will be willing to pay you at the end of this case, so you may as well get your money now rather than later".

In reply, the petitioner asserted that it "maintains a contingent quantum meruit percentage attorney's lien on the Glickson file". The petitioner would not submit a bill for services rendered at the hourly rate.

In 1994, after the action was settled for $500,000, the petitioner moved for a hearing on the apportionment of fees between it and the appellant on a "contingent basis". The appellant cross-moved for partial summary judgment, claiming the petitioner had waived its charging lien, and seeking, in the alternative, to limit the petitioner's fee to the fixed dollar value of its services on an hourly basis. The plaintiffs, concerned primarily with a prompt release of the settlement proceeds from escrow, took "no position" with regard to the fee dispute.

However, they never affirmatively revoked their election to pay the petitioner the fixed dollar value of services on an hourly basis.

The court denied the appellant's cross motion, finding that the fee dispute was solely between attorneys, therefore "the outgoing attorney has the right to elect a contingent percentage fee based on a proportionate share of the work performed on the whole case". On appeal, the appellant acknowledges that the petitioner is entitled to a fee, but claims that fee should be limited to the fixed dollar value of the services provided. We agree.

Although this dispute is now only between attorneys, it is clear from the record that, prior to settlement, the dispute involved the clients, and the clients elected to pay the petitioner its fee based upon the fixed dollar value of its services on an hourly basis. It is well settled that, when, as in the instant case, a client discharges an attorney without cause, either the client or the outgoing attorney "can require that the compensation be a fixed dollar amount determined at the time of discharge on the basis of quantum meruit" (*Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454, 458). "Only if the client and attorney agree may the attorney receive a fee based on a percentage of the recovery" (*Matter of Cohen v Grainger, Tesoriero & Bell,* 81 NY2d 655, 658; *Lai Ling Cheng v Modansky Leasing Co., supra,* at 457).

In this case, although the clients clearly asserted their right to pay the petitioner the fixed dollar value of its services on an hourly basis, the petitioner insisted on deferring resolution of the fee dispute until the conclusion of the litigation, and asserted a lien for a contingent fee. This it clearly had no right to do (*see, Matter of Cohen v Grainger, Tesoriero & Bell, supra,* at 658).

Accordingly, the petitioner's fee should be limited to the fixed dollar value of its services on an hourly basis, in accordance with its clients' election. Miller, J. P., Joy, Altman and Goldstein, JJ., concur.