**BUDIN, REISMAN, KUPFERBERG & BERNSTEIN, LLP, Movant–Appellant–Cross–Appellee,**

v.

**LAW OFFICES OF ROSEMARIE ARNOLD, Appellee–Cross–Appellant.**

Nos. 03–7032, 02–7096.

United States Court of Appeals, Second Circuit.

Oct. 28, 2003.

Robin Mary Heaney, Budin, Reisman, Kupferberg & Bernstein, LLP, New York, NY, for Appellant.

Rosemarie Arnold, Law Offices of Rosemarie Arnold, Fort Lee, NJ, for Appellee.

Present: WALKER, Chief Judge, JACOBS, and WESLEY, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **VACATED** and **REMANDED.**

Budin, Reisman, Kupferberg & Bernstein, LLP ("Budin, Reisman"), movant-appellant-cross-appellee, appeals the order of the United States District Court for the Southern District of New York (Henry B. Pitman, *Magistrate Judge*), awarding it, on a *quantum meruit* basis, a portion of attorneys' fees collected in a personal injury action where the firm represented a client in the early stages of a litigation. Budin, Reisman urges that, in this case, New York law requires an award on a contingency fee basis, rooted in the firm's pro rated contribution to the case, not based on hours worked calculated at an hourly rate. We agree that New York law requires a contingency fee, and not *quantum meruit*, basis of recovery, and remand to the district court to properly apply New York law to the dispute.

Budin, Reisman commenced a personal injury action for a client. After the firm was dismissed and The Law Offices of Rosemarie Arnold received the client's file, both firms signed a statement indicating that "the attorneys' fees in this matter will be agreed upon between [the attorneys] at the time of the conclusion of [the] case ... If we cannot resolve this matter at that time, we will jointly seek the [c]ourt's intervention." In June 2000, the underlying case settled for $475,000 and the parties could not agree upon how to divide the contingency fee of $157,855.12. The district court had supplemental jurisdiction over the dispute and the parties agreed to submit their dispute to a magistrate judge

for final adjudication pursuant to 28 U.S.C. § 636(c). The magistrate judge heard two days of oral testimony, considered arguments on the papers, and received documentary evidence. On February 11, 2003, the magistrate judge decided that New York law applied to the dispute; that Budin, Reisman's termination was not for cause (thereby entitling the firm to fees); and that Budin, Reisman was entitled to *quantum meruit* restitution for hours worked. It found that Budin, Reisman's work took 60 hours and, valuating its services at a rate of $275/hour, the court awarded Budin, Reisman $16,500.

An award of attorneys' fees is generally reviewed for an abuse of discretion. *Alderman v. Pan Am World Airways*, 169 F.3d 99, 102 (2d Cir.1999). Legal conclusions, however, are reviewed *de novo*, *Pierce v. Underwood*, 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), and a district court abuses its discretion when its decision rests on an error of law, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

In New York, it is well-settled that attorneys lose their right to fees if discharged for cause. *Schwartz v. Tenenbaum*, 7 A.D.2d 866, 182 N.Y.S.2d 51 (1959). The law pertaining to fee disputes between attorneys when a discharge is not for cause is equally clear. The Court of Appeals announced in *Cohen v. Grainger, Tesoriero & Bell*, 81 N.Y.2d 655, 602 N.Y.S.2d 788, 622 N.E.2d 288, 290 (1993), that the "discharged attorney may elect to receive compensation immediately [upon discharge] based on *quantum meruit* or on a contingent percentage fee based on his or her proportionate share of the work performed on the whole case. That right can only be limited by waiver or operation of law." In *Cohen*, the discharged attorney told the new attorney that he would

seek his fee "at an appropriate time." *Id.* at 290. Although the new attorney argued that it would be "unconscionable" and against the spirit of a "contingency" fee to allow discharged attorneys to take a contingent fee after they know the outcome of the litigation, the New York Court of Appeals held that when attorneys agree to put off getting a *quantum meruit* recovery up front, a contingent fee basis should be presumed, with the discharged attorney receiving a "prorated share." *Id.* at 290–91. Although the New York Court of Appeals has held that "[w]here [a] discharge is without cause, the attorney is limited to recovering in *quantum meruit* the reasonable value of the services rendered," *Campagnola v. Mulholland, Minion & Roe*, 76 N.Y.2d 38, 44, 556 N.Y.S.2d 239, 555 N.E.2d 611 (1990), that case applies to disputes between lawyers and their clients, whereas *Cohen* is the proper authority to guide decisions in disputes between lawyers or sets of lawyers.

The district court erred in applying the *quantum meruit* basis of recovery. Accordingly, we vacate the district court's judgment so that it may apply the relevant law as set forth in *Cohen*.

For the reasons set forth above, the judgment of the district court is hereby **VACATED** and **REMANDED**.