OPINION OF THE COURT
Darrell L. Gavrin, J.
*659 This motion, brought by order to show cause, seeks, inter alia, the resolution of a fee dispute between the law firm of John Walshe & Associates and the law firm of Fortunato & Fortunato, PLLC. Walshe originally had been retained by the plaintiffs in this action to represent them in an action to recover for personal injuries sustained by plaintiff Patrick O’Connor as a result of an accident that occurred on May 8, 1997, when he fell from a scaffold during the course of his employment.
On September 7, 1999, Patrick O’Connor executed a consent to the substitution of Fortunato as his attorney. A copy of this document was mailed to Walshe on September 24, 1999. A dispute ensued as to the representation of the plaintiffs. It was resolved by way of motion made by Walshe and opposed by Fortunato in an action commenced by Walshe in Supreme Court, Kings County, following dismissal of an earlier action commenced by Walshe in federal court.
By order dated May 10, 2000, entered in the Supreme Court, Kings County, action, Justice Richard D. Huttner deemed Fortunato to be the attorney for plaintiffs, Patrick O’Connor and his wife, Grace O’Connor. The order further provided that the fee of the outgoing attorney, Walshe, was to be apportioned upon the conclusion of the trial; the name of John Walshe & Associates was to be placed on any settlement check, and the retaining and charging lien of Walshe was preserved.
The amount of the retaining lien was the subject of further proceedings and the Walshe file was never turned over to Fortunato. The incoming attorney, Fortunato, instead of pursuing substitution in the Supreme Court, Kings County, action, commenced this action for similar relief in Supreme Court, Queens County. The action brought on behalf of both plaintiffs was settled during trial for $4 million. In accordance with a stipulation between Walshe and Fortunato made on April 4, 2005, the return date of this order to show cause, the settlement proceeds were deposited into the IOLA escrow account of a third-party attorney and disbursed, except for the sum of $1,327,402.28, representing attorney’s fees. To date, said sum is being held in the escrow account pending determination of the fee dispute between Walshe and Fortunato.
It is well settled that a client has an absolute right to terminate the attorney-client relationship by discharging the attorney. Where the discharge is for cause, the attorney is not entitled to compensation or a retaining lien, notwithstanding a *660 specific retainer agreement (Campagnola v Mulholland, Minion & Roe, 76 NY2d 38, 43-44 [1990]; Shaw v Manufacturers Hanover Trust Co., 68 NY2d 172, 177 [1986]; Teichner v W & J Holsteins, 64 NY2d 977, 979 [1985]). However, in this case, the discharged attorney, Walshe, was awarded a retaining and charging lien by Justice Huttner in the order dated May 10, 2000. Implicit in that Justice’s order was a finding that Walshe’s discharge as attorney by the plaintiffs was without cause. The issue of Walshe’s retaining lien is moot since the action has been settled without the Walshe firm turning over its file to the new attorney. Nevertheless, Walshe continues to hold a charging lien (see, Costello v Kiaer, 278 AD2d 50 [2000]).
An attorney’s charging lien gives the attorney an equitable ownership interest in the client’s cause of action which cannot be subsequently disturbed by the client or anyone claiming through or against the client (LMWT Realty Corp. v Davis Agency, 85 NY2d 462, 467 [1995]). Section 475 of the Judiciary Law, which codifies this charging lien, has been held to impose a lien on the cause of action even if recovery, as here, is obtained in an action different from the one in which the services were rendered (Matter of Cohen v Grainger, Tesoriero & Bell, 81 NY2d 655, 658-659 [1993]).
As against the client, a discharged attorney may recover only the fair and reasonable value of services rendered (Cohen v Grainger, supra at 658; Matter of Montgomery, 272 NY 323, 326 [1936]). Where the dispute is between attorneys, the discharged attorney may elect to recover compensation based on quantum meruit for the reasonable value of services rendered, or a contingent fee consisting of a percentage of the attorney’s fees recovered in the action. A contingent fee is based on the proportionate share of the work performed by the discharged attorney that contributed to obtaining the recovery in the case (Cohen v Grainger, supra at 658; Lai Ling Cheng v Modansky Leasing Co., 73 NY2d 454, 458 [1989]).
Where the parties agree to have the fee determined at the conclusion of the litigation when the amount of the recovery and the relative contribution of the lawyers to it can be ascertained, a contingent percentage fee is necessarily contemplated (Lai Ling Cheng v Modansky Leasing Co., supra at 459). There is also a presumption that a contingent fee has been chosen when an election is not made or sought at the time of discharge (Cohen v Grainger, supra at 660). In the instant case, the order of Justice Huttner in the Kings County action specifi *661 cally provided that the fee of the discharged attorney, Walshe, was to be apportioned upon the conclusion of the case. Thus, it is clear that Walshe was awarded a contingent fee and is now entitled to a prorated share of the attorney’s fees in the sum of $1,327,402.28, that are being held in escrow.