■ KEVIN M. KENNEDY, Appellant, v POINT DEDICATED SERVICES, LLC, et al., Defendants. CELLINO & BARNES, P.C., Respondent. (Appeal No. 1.) [816 NYS2d 923]—Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered August 23, 2005. The order, among other things, provided that Cellino & Barnes, P.C. may elect a contingent percentage fee to be determined at the conclusion of the action.

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered November 28, 2005. The order, insofar as appealed from, upon reargument, adhered to the court's prior decision.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion of Cellino & Barnes, P.C. is denied, the motion of plaintiff is granted in its entirety and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff retained respondent, Cellino & Barnes, P.C. (Cellino & Barnes firm), to represent him in a personal injury action and, on March 11, 2005, plaintiff's attorney recommended that plaintiff accept a settlement offer. Plaintiff thereafter sought representation from Paul William Beltz, P.C. (Beltz firm), which agreed to represent plaintiff only if plaintiff's outgoing attorney would be paid on a quantum meruit basis. By letter dated April 7, 2005, the Beltz firm advised the Cellino & Barnes firm that plaintiff

had elected that the fee for the Cellino & Barnes firm "be determined based on a fixed dollar amount [on a quantum meruit basis] rather than on a contingency basis at the conclusion of the case." The Cellino & Barnes firm refused to turn over plaintiff's file and to sign the substitution of attorney form, and instead by order to show cause sought a fee of one third of the settlement offer it had obtained on plaintiff's behalf. At oral argument of the order to show cause, the Beltz firm advised Supreme Court that it would not represent plaintiff in the event that the court ruled in favor of the Cellino & Barnes firm. The court determined that the fee dispute was between the attorneys only, and that plaintiff "has no further legitimate interest in how [the] fee is divided." The court thus determined that the Cellino & Barnes firm "may elect a contingent percentage fee," to be determined at the conclusion of the matter. The Beltz firm refused to represent plaintiff in the underlying action, and plaintiff thereafter retained other counsel for the limited purpose of representing him on the motion for leave to renew and reargue the order to show cause and "to fix [the] attorney fee." We note that plaintiff is unrepresented in the underlying action.

"It is settled that a client may discharge an attorney at any time, with or without cause . . . . As against the client, a discharged attorney may recover the 'fair and reasonable value' of the services rendered . . . , determined at the time of discharge and computed on the basis of quantum meruit . . . . Only if the client and attorney agree may the attorney receive a fee based on a percentage of the recovery" (*Matter of Cohen v Grainger, Tesoriero & Bell*, 81 NY2d 655, 658 [1993]; *see Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 457-458 [1989]). Here, plaintiff elected that the outgoing firm, i.e., the Cellino & Barnes firm, would be paid on a quantum meruit basis at the time he discharged that firm, and we therefore conclude that the court erred in determining that the fee dispute was between attorneys only and thus that the Cellino & Barnes firm, as the outgoing firm, could determine the manner in which its fee would be calculated (*see Cohen*, 81 NY2d at 658; *Glickson v Eli Lilly & Co.*, 234 AD2d 416, 418 [1996]; *cf. Jones v Birnie Bus Serv., Inc.*, 15 AD3d 951, 951-952 [2005]). Inasmuch as plaintiff made the election to calculate the fees of the Cellino & Barnes firm on a quantum meruit basis, it cannot be said that "the dispute is only between attorneys" (*Lai Ling Cheng*, 73 NY2d at 458).

We therefore reverse the order insofar as appealed from, deny the motion of the Cellino & Barnes firm, grant the motion of

plaintiff in its entirety and remit the matter to Supreme Court for further proceedings to determine the fee of the Cellino & Barnes firm on a quantum meruit basis. We note that, in making that determination, the court should consider the terms of the percentage agreement, the nature and complexity of the litigation, the time spent, the results achieved, the attorney's experience, ability and reputation, and the fee typically charged by other attorneys in the same locality for similar services (*see Padilla v Sansivieri*, 31 AD3d 64 [2006]; *Schneider, Kleinick, Weitz, Damashek & Shoot v City of New York*, 302 AD2d 183, 188-189 [2002]; *Rosenzweig v Gomez*, 250 AD2d 664 [1998]; *Smith v Boscov's Dept. Store*, 192 AD2d 949, 950-951 [1993]; *see also Matter of Tillman*, 259 NY 133 [1932]). Present—Hurlbutt, J.P., Scudder, Martoche, Smith and Hayes, JJ.