UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand and seventeen.

Present:
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges,*
> LASHANN DEARCY HALL,*
> > *District Judge.*

---

FISHER, BYRIALSEN & KREIZER, PLLC,

        *Respondent - Appellee,*

ANTRON MCCRAY, LINDA MCCRAY, KEVIN RICHARDSON, GRACE CUFFEE, CONNIE RICHARDSON, CRYSTAL CUFFEE, ANGELA CUFFEE, RAYMOND SANTANA, JR., JOANN SANTANA, KHAREY WISE, MICHAEL WISE, DOLORIS WISE, DANIEL WISE, VICTOR WISE, NORMAN WISE, YUSEF SALAAM, SHARONNE SALAAM, AISHA SALAAM, SHAREEF SALAAM,

        *Plaintiffs,*

v.

15-1887-cv

---

\* Judge LaShann DeArcy Hall, United States District Judge for the Eastern District of New York, sitting by designation.

STEVENS, HINDS & WHITE, P.C.,

*Appellant*,

v.

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, NEW YORK COUNTY DISTRICT ATTORNEY ROBERT MORGENTHAU, CITY POLICE COMMISSIONER RAYMOND KELLY, FORMER NEW YORK CITY POLICE COMMISSIONER BENJAMIN WARD, FORMER NEW YORK CITY POLICE DEPARTMENT CHIEF OF DE COLANGELO, FORMER NEW YORK CITY POLICE DEPARTMENT MANHATTAN C ROSENTHAL, FORMER NEW YORK CITY POLICE DEPARTMENT CHIEF OF PA SELVAGGI, NEW YORK CITY POLICE DETECTIVE RAMON ROSARIO, NEW YORK CITY POLICE DETECTIVE CARLOS GONZALEZ, NEW YORK CITY POLICE DETECTIVE HARRY HILDEBRANDT, NEW YORK CITY POLICE DETECTIVE MICHAEL SHEEHAN, NEW YORK CITY POLICE DETECTIVE JOHN HARTIGAN, NEW YORK CITY POLICE DETECTIVE THOMAS MCKENNA, NEW YORK CITY POLICE DETECTIVE HUMBERTO ARROYO, NEW YORK CITY POLICE DETECTIVE SCOTT JAFFER, NEW YORK CITY POLICE DETECTIVE JOHN O'SULLIVAN, NEW YORK CITY POLICE DETECTIVE JOHN TAGLIONI, NEW YORK CITY POLICE SUPERVISORY DETECTIVES DEPUTY POWELL, BILL KELLY, NEW YORK CITY POLICE DETECTIVE, POLICE OFFICER ROBERT NUGENT, NEW YORK CITY POLICE DETECTIVE, BRUNO FRANCISCI, NEW YORK CITY POLICE DETECTIVE, THOMAS MCCABE, NEW YORK CITY POLICE DETECTIVE, NEW YORK CITY POLICE SUPERVISORY DETECTIVE JOSEPH FINSTON, LIEUTENANT JACK DOYLE, NEW YORK CITY POLICE SUPERVISORY DETECTIVE, JOHN DOES, NEW YORK CITY POLICE DETECTIVES, MARY ROES, NEW YORK CITY POLICE DETECTIVES, NEW YORK COUNTY ASSISTANT DISTRICT ATTORNEY LINDA FAIRSTEIN, ELIZABETH LEDERER, NEW YORK COUNTY ASSISTANT DISTRICT ATTORNEY, TIM CLEMENTS, NEW YORK COUNTY ASSISTANT DISTRICT ATTORNEY, JOHN DOES,

2

1-5, ETC., WHOSE IDENTITIES ARE UNKNOWN BUT WHO WERE YORK CITY POLICE OFFICERS, DETECTIVES, AND/OR SUPERVISORY PERSONNEL, JANE DOES, 1-5, ETC., WHOSE IDENTITIES ARE UNKNOWN BUT WHO WERE YORK CITY POLICE OFFICERS, DETECTIVES, AND/OR SUPERVISORY PERSONNEL, RICHARD ROES, 1-5, ETC., WHOSE IDENTITIES ARE UNKNOWN BUT WHO WERE YORK COUNTY ASSISTANT DISTRICT ATTORNEYS, SUPERVISORS AND/OR AGENTS, RACHEL ROES, 1-5, ETC., WHOSE IDENTITIES ARE UNKNOWN BUT WHO WERE YORK COUNTY ASSISTANT DISTRICT ATTORNEYS, SUPERVISORS AND/OR AGENTS,

*Defendants.*

| | |
|---|---|
| For Appellant: | JAMES G. MCCARNEY (Gareth W. Stewart, *on the brief*), New York, NY. |
| For Appellee: | JAMES R. DEVITA, Doar Rieck Kaley & Mack, New York, NY. |

Appeal from the Southern District of New York's Opinion and Order dated March 31, 2015, Opinion and Order dated May 21, 2015, and June 8, 2015 Minute Entry order (Ellis, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's orders are **AFFIRMED**.

Following the settlement of a § 1983 case against New York City, appellee Stevens, Hinds & White, PC ("SHW") petitioned the district court for a portion of the attorneys' fees recovered by Fisher, Byrialsen & Kreizer, PLLC ("FBK"). SHW appeals from the district court's attorney's fees award of $237,997.50, the district court's denial of its Rule 60(b) motion and its request for pre-judgment interest, and the district court's denial of its post-judgment discovery request.

Federal courts have jurisdiction over the parties' attorneys' fees dispute pursuant to 28 U.S.C. § 1367. *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 445–46 (2d Cir. 1998). We assume the parties' familiarity with the underlying facts, the procedural history, the arguments presented on appeal, and the district court's rulings.

The Court reviews *de novo* the district court's interpretation of a retainer agreement. *Rubens v. Mason*, 387 F.3d 183, 188 (2d Cir. 2004). A district court's award of attorney's fees is reviewed for abuse of discretion. *McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 416 (2d Cir. 2010). A district court exceeds the bounds of its discretion "'when (1) [the court's] decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions.'" *Id.* (quoting *Kickham Hanley P.C. v. Kodak Ret. Income Plan*, 558 F.3d 204, 209 (2d Cir. 2009)).

"A client may discharge an attorney at any time, with or without cause." *Cohen v. Grainger, Tesoriero & Bell*, 81 N.Y.2d 655, 658, 622 N.E.2d 288, 289 (1993). New York Judiciary Law § 475 provides that "the attorney who appears for a party has a lien upon his or her client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement

between the parties before or after judgment, final order or determination." N.Y. Jud. Law § 475; *Itar–Tass Russian News Agency*, 140 F.3d at 449. In certain circumstances, an attorney discharged without cause "may elect to receive compensation immediately based on *quantum meruit* or on a contingent percentage fee based on his or her proportionate share of the work performed on the whole case." *Cohen*, 81 N.Y.2d at 658, 622 N.E.2d at 290 (emphasis added). There is no authority, however, that would permit a discharged attorney to elect to receive a contingent percentage fee where the original negotiated fee agreement with the client did not provide for a contingency fee arrangement. *Cf. Cohen*, 81 N.Y.2d at 658, 622 N.E.2d at 290 (finding discharged attorney who had contingency fee arrangement with former client had elected to receive contingent percentage fee from incoming attorney); *Lai Ling Cheng v. Modansky Leasing Co.*, 73 N.Y.2d 454, 458–59, 539 N.E.2d 570, 572 (1989) (same).

It is clear the retainer agreement here reflected an hourly fee arrangement. The retainer agreement unambiguously provided two payment plan options, hourly fee and contingency fee, and the client circled and initialed "Plan A," the hourly option. First, we do not consider SHW's strained arguments that the options "Plan A" and "Plan B" were alternative payment options, and that "Plan B" was triggered when the client did not pay SHW upon substitution, because those arguments were not raised before the district court. *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 148 (2d Cir. 1998). Additionally, any evidence that Wise never paid SHW the hourly fee, and that SHW and Wise had a silent contingency fee agreement, is not

admissible to show that SHW and Wise negotiated a fee arrangement different than that expressly provided in the retainer. *Seiden Assocs., Inc. v. ANC Holdings, Inc.*, 959 F.2d 425, 428 (2d Cir. 1992) ("The language of a contract is not made ambiguous simply because the parties urge different interpretations. Nor does ambiguity exist where one party's view 'strain[s] the contract language beyond its reasonable and ordinary meaning.'" (citation omitted)).

In addition, because SHW was engaged not on a contingency fee but on an hourly basis, SHW cannot now claim that it is entitled to a percentage of the contingency fee based on its proportionate share of work performed on the entire case. All the cases that SHW cites for support are inapposite because in each one the attorney who had exited the representation of the client had a contingency fee arrangement in place prior to her discharge. *Cohen*, 81 N.Y.2d at 658, 622 N.E.2d at 290; *Lai Ling Cheng*, 73 N.Y.2d at 458–59, 539 N.E.2d at 572; *Young, Fenton, Kelsey & Brown v. Wein*, 111 A.D.3d 1194, 1195 (N.Y. App. Div. 3d Dep't 2013); *Nabi v. Sells*, 70 A.D.3d 252, 253 (N.Y. App. Div. 1st Dep't 2009). Because SHW was retained by Wise under an hourly fee arrangement, and having been replaced by another law firm, SHW is entitled under New York law to seek "the 'fair and reasonable value' of the services rendered" determined on the basis of *quantum meruit*. *See Cohen*, 81 N.Y.2d at 658, 622 N.E.2d at 290.

The district court reasonably determined the *quantum meruit* of SHW's compensation by looking to SHW's billing records attached to the February 2010 substitution letter and the original 2003 retainer agreement. *McDaniel*, 595 F.3d at

6

416. In addition, SHW is not entitled to prejudgment interest on its $231,212.50 *quantum meruit* award because it did not request interest until its post-judgment Rule 60 reply brief. *Conn. Bar Ass'n v. United States*, 620 F.3d 81, 91 n.13 (2d Cir. 2010).

We have considered SHW's remaining arguments and find them to be without merit. Accordingly, the district court's Opinion and Order dated March 31, 2015, Opinion and Order dated May 21, 2015, and June 8, 2015 Minute Entry Order are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
