JED S. RAKOFF, U.S.D.J.
Before the Court is the motion of plaintiff Alexander Prout to dismiss the counterclaim of defendants Anne C. Vladeck and Vladeck, Raskin & Clark, P.C. for a charging lien. ECF No. 88. In their Amended Answer to Second Amended Complaint with Affirmative Defenses, Jury Demand and Counterclaims ("Amended Answer"), ECF No. 80, defendants allege that they are entitled to a statutory charging lien "in the amount no less than $593,333.00, plus statutory interest," id. ¶ 328. In a separate counterclaim, however, defendants allege that they are entitled to "quantum meruit for the reasonable value of the legal services rendered to Prout ... in the amount no less than $40,000.00, plus statutory interest." Id. ¶¶ 309-10. For the reasons stated below, defendants' charging-lien counterclaim is dismissed to the extent defendants seek a charging lien in excess of $40,000.
Familiarity with all prior proceedings is here assumed. In brief, this case arises out of defendants' representation of Prout in connection with Prout's claims against his former employer, Invesco, Ltd., for whistleblower retaliation and violations of the Family and Medical Leave Act ("FMLA"). Prout alleges that defendants negligently let the statutes of limitations lapse on his claims for non-willful violation of the FMLA and for retaliation under the Sarbanes-Oxley Act ("SOX"). In June 2017, Prout discharged defendants and hired Sanford Heisler Sharp, LLP, which negotiated a $1.75M settlement with Invesco. Id. ¶¶ 278-81. Of that $1.75M settlement, Sanford Heisler allegedly received a fee of $593,333. Id. ¶¶ 316-17.
In their Amended Answer, defendants deny Prout's allegations and assert counterclaims for breach of contract, quantum meruit, and a charging lien, all of which *360 arise out of Prout's alleged failure to pay defendants for legal services rendered. The breach of contract counterclaim seeks an "amount no less than $29,115.00, plus statutory interest," id. ¶ 303, and the quantum meruit counterclaim seeks an "amount no less than $40,000.00, plus statutory interest," id. ¶ 310. However, the charging lien counterclaim, which defendants bring under New York Judiciary Law § 475, seeks an "amount no less than $593,333.00, plus statutory interest," id. ¶ 328, based on the legal fee that Sanford Heisler allegedly received. Prout moves to dismiss the charging lien counterclaim under Rule 12(b) (6) of the Federal Rules of Civil Procedure.
As a preliminary matter, defendants argue that Prout's Rule 12(b)(6) motion is procedurally barred by Rule 12(g)(2) because Prout already brought a Rule 12(f) motion to strike paragraphs of defendants' Answer. See ECF No. 55. Under Rule 12(g)(2), "a party that makes a motion under [ Rule 12 ] must not make another motion under [ Rule 12 ] raising a defense or objection that was available to the party but omitted from its earlier motion." There is an exception to Rule 12(g) (2), however, for motions brought under Rule 12(c). See Fed. R. Civ. P. 12(h)(2)(B). Accordingly, at oral argument, the Court determined, without objection, that Prout's motion could be construed as a motion under Rule 12 (c), thereby avoiding any procedural problems posed by Rule 12(g)(2). See Transcript dated October 5, 2018 at 10:18-24.[1]
Moving to the merits, New York Judiciary Law § 475, here applicable, provides that an "attorney who appears for a party has a lien upon his or her client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come." Where a client discharges an attorney without cause,[2] the amount of the charging lien is "determined on a quantum meruit basis." People v. Keeffe, 50 N.Y.2d 149, 428 N.Y.S.2d 446, 405 N.E.2d 1012, 1015 (1980) ; see Cohen v. Grainger, Tesoriero & Bell, 81 N.Y.2d 655, 602 N.Y.S.2d 788, 622 N.E.2d 288, 290 (1993) ("[A] discharged attorney may recover the 'fair and reasonable value' of the services rendered, determined at the time of discharge and computed on the basis of quantum meruit. Only if the client and attorney agree may the attorney receive a fee based on a percentage of the recovery."); Teichner by Teichner v. W & J Holsteins, Inc., 64 N.Y.2d 977, 489 N.Y.S.2d 36, 478 N.E.2d 177, 178-79 (1985) ("If the discharge is without cause before the completion of services, then the amount of the attorney's compensation must be determined on a quantum meruit basis.").[3]
There is no dispute in the instant case that Prout and defendants agreed to an hourly fee, not "a fee based on a percentage of the recovery." Cohen, 602 N.Y.S.2d 788, 622 N.E.2d at 290 ; see Amended Answer ¶¶ 168-71; Transcript *361 dated October 5, 2018 at 15:3-5. Furthermore, by defendants' own admission, "the reasonable value of the legal services rendered to Prout," as calculated on a quantum meruit basis, is "no less than $40,000.00, plus statutory interest." Id. ¶¶ 309-10. Therefore, defendants cannot seek a charging lien for more than the fair value of their work, as determined on a quantum meruit basis.
Accordingly, defendants' counterclaim is dismissed to the extent defendants seek a charging lien in excess of $40,000.
SO ORDERED.

Notwithstanding the wording of Rule 12(g)(2), the Court also believes it has discretion (which it would exercise here) to permit a Rule 12(b) (6) motion where the earlier motion under Rule 12(f) is, as here, a motion to strike scandalous pleadings that, of necessity, must be brought immediately after the relevant pleading is filed.

For the purposes of resolving this motion, Prout assumes without conceding that he discharged defendants without cause. See ECF No. 89, at 7.

Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, footnotes, and citations are omitted.