22-0683-cv
*Nichols v. Paul William Beltz, P.C.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of November, two thousand twenty-two.

PRESENT:    JOHN M. WALKER, JR.,
　　　　　　　JOSÉ A. CABRANES,
　　　　　　　　　　　　*Circuit Judges.*[*]

---

ROBERT B. NICHOLS, HANCOCK ESTABROOK, LLP,

　　　　　　　*Non-Party-Appellants,*　　　　　　　22-0683-cv

CHARLES MALMBERG,

　　　　　　　*Plaintiff,*

　　　　　　　v.

PAUL WILLIAM BELTZ, P.C.,

---

[*] Our June 24, 2019 summary order in this case stated that "[i]n the interest of judicial economy, any further appeals in this case shall be referred to this panel." *Malmberg v. United States*, 777 F. App'x 554, 560 (2d Cir. 2019) (summary order). That panel included Judge Peter W. Hall, who has since died. Our Internal Operating Procedures provide that "[a]fter a matter has been assigned to a three-judge panel, if for any reason a panel judge ceases to participate in consideration of the matter, the two remaining judges may – if they agree – decide the matter, or may request the clerk to designate a third judge by random selection." 2d Cir. IOP E(b). As the two remaining judges, we determined to decide this matter.

*Non-Party Appellee,*

UNITED STATES OF AMERICA,

*Defendant.*[†]

---

**FOR NON-PARTY-APPELLANTS:**          Alan J. Pierce, Hancock Estabrook LLP, Syracuse, NY; Robert B. Nichols, Buffalo, NY.

**FOR NON-PARTY-APPELLEE:**          Brian J. Butler, Bond, Schoeneck & King, PLLC, Syracuse, NY; Bradley A. Hoppe, Buffalo, NY.

Appeal from an order of the United States District Court for the Northern District of New York (Frederick J. Scullin, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Non-Party-Appellants Robert B. Nichols ("Nichols") and Hancock Estabrook, LLP (together, "Appellants") appeal from the District Court's order apportioning a roughly $5.3 million fee ("Fee") earned in conjunction with the $21.5 million settlement of plaintiff Charles Malmberg's ("Plaintiff") medical malpractice suit. The order awarded Appellants 60% of the Fee and Non-Party-Appellee Paul William Beltz, P.C. ("Beltz") 40% of the Fee. Apportionment was necessary because Beltz and Appellants each handled different parts of Plaintiff's case. Beltz, while Nichols was an attorney there, handled the liability portion. Nichols subsequently left Beltz, and Appellants litigated the damages portion. After the successful settlement, a fee dispute ensued between Appellants and Beltz. Appellants argued that they were entitled to 90% of the Fee. Beltz argued that it was entitled to 60% of the Fee. The District Court adopted neither proposal and, as noted, awarded Appellants 60% of the Fee and Beltz 40% of the Fee. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The issue presented is whether the District Court abused its discretion in apportioning the Fee as it did. "We review a district court's award of attorney's fees for abuse of discretion." *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 416 (2d Cir. 2010). "[A]ppellate courts must give substantial deference to these determinations, in light of 'the district court's superior understanding of the litigation.'" *Fox v. Vice*, 563 U.S. 826, 838 (2011) (quoting *Hensley v. Eckerhart*, 461 U.S. 424,

---

[†] The Clerk of Court is directed to amend the caption as set forth above.

437 (1983)); *see Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47–48 (2d Cir. 2000). "Inasmuch as the resolution of the district court's grant of attorney's fees implicates questions of law, our review is *de novo.*" *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 102 (2d Cir. 2009).

We find no "abuse of discretion" in the District Court's order awarding Appellants 60% of the Fee and Beltz 40% of the Fee.[1] The parties do not dispute the legal framework the District Court relied on to apportion the Fee on a contingent-share basis. That framework focused the District Court's attention on "(1) the time and labor spent by each [firm], (2) the actual work performed, (3) the difficulty of the questions involved, (4) the skills required to handle the matter, (5) the attorney's skills and experience, and (6) the effectiveness of counsel in bringing the matter to resolution." Special App'x at 4 (quoting *Gonzalez v. Trees R Us Inc.*, 2019 WL 4602704, at *8 (E.D.N.Y. Sept. 23, 2019)); *see Lai Ling Cheng v. Modansky Leasing Co.*, 73 N.Y.2d 454, 458 (1989).

Appellants principally argue that the District Court abused its discretion in finding that the first two factors—time and labor spent and actual work performed—were "nearly equal" between Appellants and Beltz. Special App'x at 9; Appellants' Op. Br. at 16–18. We find no "abuse of discretion" in this finding. Both Beltz and Appellants undertook substantial work on Plaintiff's case. Beltz, among other things, investigated the case, prepared the formal Administrative Claim, filed the complaint, conducted pre-trial discovery including eight fact and expert depositions, prepared the case for a full plenary trial, conducted a four-day trial which Plaintiff requested be bifurcated on the last day, and obtained a full liability verdict. Appellants, among other things, engaged in motion practice and expert discovery regarding damages, prepared for and conducted a three-day damages trial, increased the ad damnum from $6 million to $25 million after two appeals to this Court, succeeded on other arguments brought as part of the two appeals, and negotiated a $21.5 million settlement. Far from being an "abuse of discretion," the District Court's findings are well-supported by the record.

In contending otherwise, Appellants focus on their own estimations that they spent 1,695 hours on the case while Beltz spent 185 hours on it. *See, e.g.*, Appellants Op. Br. at 16–17, 19, 36.

---

[1] We agree with the District Court that Beltz should receive a contingent share of the award as opposed to an award based in quantum meruit. *See Cohen v. Grainger, Tesoriero & Bell*, 81 N.Y.2d 655, 660 (1993) ("Where an election is not made or sought at the time of discharge, the presumption should be that a contingent fee has been chosen."). We further agree with the District Court that, notwithstanding what appears to be a "typographical error" in one of Beltz's headings, Beltz in fact seeks a contingent share of the Fee. Special App'x at 4; *see* Paul William Beltz, P.C.'s Memorandum of Law on Fee Dispute at 3, 7, *Malmberg v. United States*, No. 5:06-CV-1042 (N.D.N.Y. Mar. 29, 2022), ECF No. 217 (concluding that "the Beltz firm is entitled to an [sic] contingent fee apportionment of the entire 25% attorneys' fees of $5,331,392.62" despite the section's heading stating that apportionment "must be done upon a *quantum meruit* basis of the entire settlement" (capitalization omitted)).

But the District Court was well within its discretion to consider other evidence before it which cast doubt on Appellants' hour estimates and supported the District Court's conclusion. *See* Beltz Op. Br. at 26 n.6 (noting that attorneys at the Beltz firm do not contemporaneously track hours worked); Appellants' Op. Br. at 28–29 (same); Joint App'x 148 (same); Joint App'x 475 (Nichols describing liability portion of the case as "a lot of hard work" in a Beltz exit memorandum).

On balance with the remaining factors, the District Court determined that Appellants were entitled to a higher proportion of the Fee, but not the 90% "lion's share" that they sought. Special App'x at 10. As support for that conclusion, the District Court noted that Nichols "was the lead attorney on this case from its inception through the Court's final judgment in Plaintiff's favor" and "instrumental in obtaining the highest possible damages judgment for Plaintiff." *Id.* at 9–10. Nevertheless, the District Court reasoned that the apportionment had to reflect the fact that Nichols litigated the entirety of the liability portion on behalf of Beltz. The District Court was well-positioned to determine that Appellants should receive 60% of the Fee and Beltz 40% of the Fee. We find no "abuse of discretion" in that decision.[2]

## CONCLUSION

We have reviewed the remaining arguments raised by Appellants on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 29, 2022 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] We note the District Court's mixed messages concerning the initial ad damnum amount. *Compare* Special App'x at 8 (rejecting Beltz's position that Nichols "should not be rewarded for twice appealing to the Second Circuit because he requested an absurdly low amount of damages in his ad damnum clause"), *with id.* at 10 (calling Nichols's decision to set the initial ad damnum amount at $6 million an "error"). Notwithstanding these conflicting characterizations, Nichols's decision—on behalf of Beltz—to set the initial ad damnum amount at $6 million does not appear to have played any material role in the District Court's ultimate apportionment of fees.

4